Thank you. Please proceed. For decades, the government in this circuit has taken the sensible position that a would-be bank robber who goes to the store to buy a gun and then proceeds to drive to the bank and is intercepted by the FBI on the way to the bank has committed attempted armed bank robbery in violation of 2113D. That position accords with logic. The statutory text supports it. The case law supports it. Common sense supports it. Now, however, the government, in light of United States v. Taylor, wishes to backtrack from its entrenched position. According to the government, that would-be bank robber who's on the way to the bank with a firearm is no longer guilty of attempted armed bank robbery if he's intercepted by the FBI on the way to the bank. Let's talk about, ultimately, we decide what this means, not the government. Let's talk about the text of 2113A. You're trying to analogize this case to Taylor, but when I look at 2113A, this text is written differently from the Hobbes Act in 1951A was. In the Hobbes Act, the by-robbery phrase modified only the person who in any way obstructs, delays, or affects. And then attempts or conspires to do so came so afterwards. It would have been really awkward to read the adverbial phrase as modifying both backward and forward. In this section A, the takes or attempts to take comes after by force and violence. And so the by force and violence appears to modify that whole phrase equally. So why doesn't that textual difference lead to a difference in result here? We can't just blindly apply Taylor because it has a different statutory text. Sure. Two responses to that, Your Honor. First, the government for the two decades prior to this- I'm not interested in what the government's position is. We construe the statute. Talk not about the government, but about what the statute says. Sure. I'll get right to it. So the government for many, many decades has interpreted the statute to, if you look at by force and violence or by intimidation, they have interpreted that to modify just the word take. They may be wrong. Tell me why it's correct. I think it's the correct reading of this. Why grammatically does by force and violence intimidation run only to takes and not to the immediately following phrase or attempts to take? I think it just makes sense when you read the way Congress wrote this. By force and by violence or by intimidation takes. And then we have the separate word attempts. And if you posit that attempts takes its common law meaning, which we have to assume unless Congress states otherwise- With the permission of my colleagues, I'd like to show both counsel a sentence diagram of the two statutes and ask you how you would diagram it differently because this doesn't- it doesn't read the way that I think grammatically it does. Could I ask my clerk to distribute the sentence diagram to both counsel? Stop the clock for the moment, please. Now, you may disagree that this is the correct reading of it, but tell me if this is wrong, why it's wrong. I'm assuming my time is still- Yes, you can resume the time. Give him another ten seconds until he answers the question. Your Honor, let's say that it is a sensible reading. Okay. This Venn diagram, I think there are two ways to get around this potential reading. The first is by looking at the text of 2113D.  That's a fair point. Let's go to 2113D. And that's what he was charged with, right? Correct, Your Honor. All right. I'm looking at it now. So if we look at 2113D, there's two ways to skin this cat. First, we can look at the word- the use of the word attempt in 2113D as well. Okay. We don't have to deal with this Venn diagram if we do it that way.  And we can assume that Congress adopted the common law meaning of attempt in 2113D. Can we, if a conviction for D is predicated on a conviction for A, where the way A is- it's phrased in A on this reading, it doesn't mean the common law meaning. Does attempt mean- could attempt mean something different in 2113D than it means in 2113A if D is charged and predicated on A? I think that would be an odd reading, Your Honor. I think under the canon of consistent usage, we should read them the same. And I think it- I do not think the text of 2113A supports the theory that Congress departed from the common law meaning. Don't we have to read 2113D in and of itself? If he wants to charge attempted bank robbery under 2113A, why don't they charge it under- if they want to charge attempted bank robbery, charge it under 2113A. 2113A- 2113D refers to both A and B, and B is not necessarily a crime of violence. So how can we say that 2113D becomes a crime of violence just because it refers to 2113A? We have to look at the whole statute, don't we? I'm in total agreement, Your Honor. I think we do, and I think that's a very sensible approach. I also- I really do want to address the court supplemental request that we talk about mens rea. Before you do, can you address in the context of the exchange you just had with Judge Roth, Jordan? Sure, and do you mind clarifying how exactly- The analysis in Jordan regarding the nesting and the 2113A- Jordan treats D as divisible between D predicated on A and D predicated on B. So it might be that D predicated on B is not a crime of violence. Do you have to explain why an attempt under D predicated on A is not a crime of violence? Correct. I think the way I would like to think about it is how Judge Diamond thought about it in United States v. Bolden, which is that 2113D effectively adds elements to 2113A in the attempt context. Okay. And then if we look at it that way, then obviously we have to focus on the language of 2113D, which is a good way to segue either to Judge Diamond's point about the any person language or the mens rea requirement. I think you are right that when you have D charged predicated on A, you have A and you add the elements of D, except I think that helps Mr. Zalzmer. If the language of A is read the way I diagrammed it, which, again, you're free to disagree with, then that would suggest, you know, in A, by force of violence or intimidation, is one of the elements that modifies the stuff that comes after it. And then you layer on top whatever is required in D. You've got to have the gun. And then that's a crime of violence. Under Jordan's reading of D is divisible. D predicated on B is not a crime of violence, maybe. I think when we incorporate Borden into that analysis, we run into a bit of an issue because D has the language assault any person or puts in jeopardy the life of any person with a dangerous weapon. Okay, what's the problem with that? You can do either of those with a recklessness state of mind. Okay. So it is. But if 2113A, on its face, whether it's by attempting, taking, or actual taking, requires force and violence or intimidation, which was the holding in Jordan, then why does it matter if put in jeopardy can be committed recklessly? The holding of Jordan is as to completed bank robberies. But it analyzes the phrase by force or intimidation. So, again, unless you're disagreeing with the grammatical parsing here, then it doesn't matter if you attempt to take. It always has to be committed by force and violence or intimidation. Yes, but I think we need to take a little bit of a pivot here and look at this court's precedent because if you look at Gardner, United States v. Gardner, where this court held that the attempt language of 2113A takes its common law meaning, all you need to do to commit 2113A is take a substantial step towards your intent to use force. I think Gardner just assumed that. Gardner, it wasn't. That was just in passing. It wasn't part of the holding. It wasn't part of the reasoning. It was just a recitation of elements, and the issue was not pressed or passed upon. Your Honor, I have to respectfully disagree. I think whenever the court's evaluating whether there's been sufficient evidence to convict an individual, they have to run through the analysis of what the elements are that sustained that conviction. I'd point you to the case of United States v. Gibbs, which is a Third Circuit case where this court, I'll provide the pin site. Gibbs is 190F3RD188. In that case, this court went through the analysis of whether or not the criminal defendant, whether there was sufficient evidence to convict the criminal defendant of conspiracy. The court analyzed the elements of conspiracy in that case, and this court has treated that analysis of the elements of conspiracy as a holding. Was it squarely presented to Gibbs? Your Honor, I'm not 100% sure. Has it been squarely presented since Gibbs? What exact question? The elements of conspiracy. Yes, it has, Your Honor. I would point this court to United States v. Bailey, 840F3RD99, as well as United States v. Smith, 294F3RD473. In both of those cases, this court went through the analysis of the conspiracy elements as pronounced in Gibbs and applied that analysis to the case at hand. The same logic should apply here. This court went through the analysis of what attempt means under the common law in Gardner as applied to 2113A, and we are now bound by that. Did you read the underlying briefs in Gardner? I have not, Your Honor. Do you believe it was squarely presented by the parties in that case? I wish I could say yes, but I can't say so with confidence. I know you wanted to talk about the supplemental briefing request, so I want to make sure you have time for that. I'll give you a little bit of extra time if you need to to make sure you get to it. And also, I can't tell if you wanted to ask a question, but go ahead. Let's get to the mens rea. So back to the statutory text. I think, first off, I just want to clarify, I know the supplemental request asked just for the mens rea of the puts in jeopardy clause. I do not think we can focus just on the puts in jeopardy clause. I think we also have to focus on what precedes it, which is the assaults any person provision. It is without question that you can assault someone with a reckless state of mind. Okay, except this is an attempt that is charged. An attempt has always been a specific intent crime that isn't committed recklessly. You have to have the specific intent as to all the material elements. So why doesn't the attempt elevate it? It kind of takes care of that problem. You have the specific intent to commit the crime of robbery in this instance. I do not think you need the specific intent to put a person, including yourselves, life in jeopardy using a dangerous weapon. You can do that recklessly. Doesn't Jordan control the definition of any person in the context of 2113A? I don't believe so, Your Honor. I don't believe the court in Jordan, although I can't say with 100% confidence that I see my time is up. You may continue to answer this question. I don't believe that that's the holding of Jordan. I don't think Jordan's analysis of the any persons in the completed context applies to the attempted. Is it at all plausible that we would read the person reference in A differently from the person reference in D? Yes, Your Honor. I think the use of the word any implies that Congress did make a distinction. Judge Diamond thought Congress made a distinction. I think the best reading is that there is a distinction. But, I mean, Jordan specifically says it means another person. Aren't we as a panel bound by that? I think Jordan, again, I want to be careful here. I think Jordan says it has to involve another person in the completed context because you're always going to have, you know, another person subject to force or violence when you've completed a bank robbery. Not so with attempt. My question is answered. All right. Thank you. We'll have you back on rebuttal. Mr. Zalzmer, whenever you're ready. Thank you, Your Honor. May it please the Court. Robert Zalzmer on behalf of the government. It pains me. I don't want to be heard to say anything positive about the categorical approach. But there is no doubt that during the past decade the categorical approach has compelled us to put statutes under a microscope in a way that we didn't before in order to examine these very strange questions about the categorical elements of different crimes. And here there is no doubt that the government for many years assumed that this attempt was just like any other attempt requiring an intent to commit the crime in a substantial step. But here we take out the microscope because now we're required to do that. And I think Your Honor has done that appropriately with this diagram. And it became very clear to us after Taylor when we were required to do that, that attempted bank robbery, both Subsection A, regular unarmed bank robbery, and Subsection D, which was charged here, an armed bank robbery, does require the use of force in the attempt. And that's what distinguishes it from Taylor and from the Hobbs Act. But if we look at the language of 221D under the categorical approach, it refers to both A and B. And therefore, don't we have to consider what B covers and the fact that B is not necessarily a crime of violence. B is bank larceny. I gather B was enacted because there was frustration that there were bank robberies being committed without a firearm. And so the government got B to charge a bank larceny situation, which is not necessarily a crime of violence. And since 221D refers to both 221A and B under the categorical approach, aren't we required to consider whether 221B is also a crime of violence? Absolutely, Your Honor. And that is the question that was answered in the Jordan case. So Jordan undertook the analysis that Your Honor clearly explained. That was a completed crime, wasn't it? That was a completed crime. And so I'll get back to attempt in just a moment. But with regard to a completed crime, Judge Bevis' opinion in Jordan explained that A and B are divisible from each other. And because they are incorporated into D, a D offense is itself divisible based on whether it's referring to A or B. Under the categorical approach? Under the categorical approach. I may not agree with Judge Bevis. I think it's precedent of this circuit now. But I also think it said the first paragraph of A was what we focused on. That's right. And that's exactly what was charged here, which was an attempt to commit robbery by force, violence, or intimidation. But even if you don't use the categorical approach to separate 2113B, or let's say even if you do, 2113B can still inform the meaning of inattempting in 2113D. In other words, the fact that 2113B doesn't have an attempt, it could be read as creating a common law attempt in and of itself. In other words, the act of assaulting another person or putting someone's life in jeopardy when completed, because 2113D requires that those are completed actions, are so egregious that even if you don't end up taking anything or actually entering, common law attempt is enough because those aggravating factors are enough to create these additional common law attempts. Well, the thing I would look at, Your Honor, is actually the second paragraph of A as being the lesser offense. That's bank burglary.  Entering with the intent to commit a felony, bank burglary. Attempt is prescribed for that as well. And that's really what addresses what we used to think of in our mistaken interpretation of the statute. What we used to think of as an attempted bank burglary, where the person has gathered all the tools, they've made it to the bank, they're outside in the parking lot, and they get arrested. That is attempted bank burglary. So what about, there seems to be an attempted bank larceny in 2113D. So if it's creating a common law attempted bank larceny, what impact does that have on 2113A attempt, if any? I think the answer to all of this, Your Honor, is to look at the statutory language, which of course is the first place that we're supposed to go. And when we look at 2113D, and this is why I think the 2113A diagram is helpful, but it's really not what's essential here. What's essential here is 2113D. And 2113D says, whoever in committing or in attempting to commit an offense described in A and B, and we know that's divisible. So here it means whoever in committing or attempting to commit an offense defined in A, assaults any person or puts in jeopardy the life of any person. I think you're right. The best argument for appellant is a D-focused argument. And I see two ways D could help them. One of them could be that the attempting commit in D could mean something different from the attempting to commit in A, and this could be a common law attempt, and it's added later, and maybe we should read it more broadly, right? And I guess your argument would be we should read the two in prior material. The other is this, you raised this, that the life in jeopardy is any person, whereas A is talking about other persons, and that's how we construed it in Jordan. So is it plausible to read D more broadly? Now, they may not have preserved this issue. They may have forfeited this issue. You raised it, admirably, as an officer of the court. But why shouldn't we read D to create some breathing room because it's just an attempt or because it's any person, not any other person there? So that's where A becomes relevant, and that's exactly where Your Honor, I think, appropriately went in the Jordan decision. We have here an attempt to commit a violation of A. A, we know, according to this court's precedent, is a crime of violence because it's the use of force against the person of another. So the person is attempting to commit that crime of violence, and in that attempt puts in jeopardy the life of any person. Jordan solves the problem that we flagged and then knocked down, which is that you have attempted to commit a crime of violence against another person by attempting to commit a violation of A. It's then an extra gloss that D then says put in jeopardy the life of any person. But remember, the elements clause, of course, as we know, says it's the attempt to use physical force against the person of another. This, once you've attempted to commit a violation of A, given that A is a crime of violence, you have attempted to use force against the person of another. Except, I think, to build on Judge Chung's question, let's imagine a clumsy burglar. He plans to go in and hold the gun to the teller's head. He stumbles on the way in. He shoots himself in the foot. All right? Now, you have substantial step. You have a plan to commit violence against another. He puts his own life in jeopardy. Let's say he shoots himself in the thigh or somewhere with a serious artery. But he hasn't put in jeopardy the life of another. He plans to get to that stage, but he didn't actually use violence. I think that's the best case for appellants. What's your response? The response is that if we can come up with crazy hypotheticals, which is what this is all about when we talk about the categorical approach, if we come up with crazy hypotheticals like that, we still have essential elements involved of attempting to commit. He does attempt. He has the specific intent to go into the bank and use force against the person of another. And then something happens recklessly that may satisfy some additional element. He hits a kid on a bicycle driving to the bank.  But he still has at least committed the essential elements of attempting to commit a crime of violence. So even if I were to agree, and I don't, that assault or puts in jeopardy could be reckless, he still prior to that has attempted, has specific intent to commit a crime of violence by force. And that answer, and I think Judge Chung referred to this before, this is answered in both the Wilson case in 2018, which is very important here. That's a 2113A case. Both in Wilson and in Jordan, this court explicitly holds that recklessness doesn't suffice, that there is a requirement of the knowing use of force. This goes back to the Carter decision of the Supreme Court in 1970, a bank robbery in violation of 2113, according to Carter and Wilson and Jordan, requires the knowing use of force. You don't commit a robbery. I think my colleague, Mr. Arminetti, said at one point that you can commit a robbery recklessly. No, you can't. Robbery is not just taking money. Robbery is taking money by force. So why do you need 2113D referring to A? You need it for the case where there is an attempted bank robbery, which doesn't actually get to violence. Otherwise, why wouldn't you just charge it under 2113A? That's right. What you have in Mr. Vines, the appellant in this case, Mr. Vines and his sons are going to rob a bank. One of his sons actually accosts the bank employee at gunpoint. He has attempted, not only attempted, but also assaulted, as D requires, with a dangerous weapon, and then it all falls apart because they see somebody else. Why don't you charge it under 2113A? Because of the weapon. The weapon makes it the more serious offense under 2113D. And that's the interesting point here, Your Honor, which I think you might be getting to, is that in this new analysis of the statute that we were compelled to look at after Taylor, in many cases we've made things harder for ourselves. Now, of course, that's not what this is about. The government's interest is not in just charging every case it can charge, but we've limited our ability to charge many acts. Well, we used to charge, for example, in Garner. Garner was a case in which the person was caught outside the bank. If that case came to us today, we'd charge bank burglary. We'd charge the lesser offense. So we've limited ourselves in that respect. But when you have somebody like Mr. Vines, who, with his son, goes to the bank and pulls a gun on a bank employee, that is an attempt, and it fails, that is an attempt that is properly charged under 2113D. So we preserve some 924C charges. We lose other charges based on our analysis of the statute. But you have to consider, and perhaps the Third Circuit has considered otherwise, but nevertheless, one can always consider what should be an appropriate solution. And under the categorical approach, the fact that 2113D refers to both A and B and it can cover crimes where you could not prove violence, under the categorical approach, don't we have to consider that that, because it includes offenses that are not crimes of violence, that 2113D is not a section which criminalizes a crime of violence? Well, again, this Court has held that A and B are separate. I always welcome the chance to come back before the en banc Court if the Court wants to take it up. And the other circuits, by the way, are unanimous in that view as well, that 2113A, the part that the government always charges, which is that first paragraph involving a forceful robbery, is a crime of violence under 924C, and have also unanimously held until the D.C. Circuit decision that I might mention that came earlier this week. And 2113D, the courts have unanimously held, is a crime of violence. Which the D.C. So the D.C. Circuit, Your Honor, on Monday in this case called Burwell, decided that 21, they expressly said they were not addressing 2113D, which is what's before this Court today. But the Court held, in disagreement with this Court and every other Court, that 2113A is not a crime of violence. And its reasoning was unique, which was that not what Judge Roth is talking about, which is the multiple parts of A and B, but within the first paragraph of A itself, it not only refers to forced violence or intimidation, but also extortion. And what the D.C. Circuit held in this case called Burwell is that that is not divisible, that extortion does not need to be committed by force, and therefore, categorically, 2113A, first paragraph, is not a crime of violence. We disagree with that for more reasons than I think you have time to listen to, but it doesn't, and of course we'll submit more briefing if the Court wants, but it doesn't affect 2113D because, again, 2113D requires that you have the specific intent to commit a violation of A and you assault and use a dangerous weapon. Right, more than just extortion. Exactly. So even if it is extortion, even if your intent is to go in and extort somebody, you're doing it with a dangerous weapon. That makes it a crime of violence under the force clause. So that's what the Burwell, I'm sure we'll be briefing quite a bit elsewhere, but it shouldn't affect 2113D. I was going to ask you to Judge Bevis' point about the diagram. Given how the extortion portion is phrased, in other words, attempts to obtain no comma by extortion, can we read that to, and your colleague's proposed reading of the first phrase is no comma, takes or attempts to take, so again, parallel with obtains or attempts to obtain. So their reading is takes or attempts to take no commas by force and violation or intimidation. Given that that is the structure of a much more straightforward crime, in other words, by extortion, can we read that to just mean, you know, how to commit the robbery. However, the by extortion, the way it modifies, obtains, or attempts to obtain, should signal to us that by force and violation, force and violence, or intimidation, modifies attempts to take. The, you know, I think the diagram is correct. I haven't seen the diagram, I have to admit, in many years in school, but I think this is done appropriately. But I also think this is just plain English. And the word that I would focus on in the statute, both for the force and extortion, is the word by. And this is true in Subsection A, that whoever by force and violence attempts to take, whoever obtains or attempts to obtain by extortion, the way this is written makes clear that an attempt, as well as an actual completed act, has to involve force and violence, or if we're separately charging an extortion crime, has to occur by extortion. And by the way, the government never charges extortion as an alternate in a regular bank robbery case. You can look at the indictment in this case and every other that I've ever seen, and it will say force violence or intimidation, period. And this court's model jury instructions as well don't give extortion as an option for a regular violent bank robbery. So it's making very clear that the attempt has to be by force and violence. And similarly, in plain English, looking at D, which is really what we're about here, looking at D, whoever in committing or in attempting to commit an offense assaults any person. It's just plain English. You are suggesting, based on the way the government charges jury instructions, we might even consider the extortion piece divisible, not that we need to get here because this is a D case rather than an A case. But even within the first paragraph of A, it might be divisible as to whether it's a force and violence or intimidation. The difficulty is that's part of the same sentence. It's not a separate paragraph. That is the difficulty, and you'll see the lengthy analysis in Burwell, with which we part company. It's divisible not just because the takes and obtains phrases are very different, even if they're in the same sentence. But what's really divisible, and this I'm sure we'll be briefing one day, is that robbery and extortion in Anglo-Saxon law are clearly different, well-defined offenses. And the notion that they somehow become different factual means of committing a single act is just unprecedented. The robbery we know is the taking of property from the person of another by force. Extortion we know is taking property from another with the person's consent as a result of a threat. These are classic separately defined crimes. What we really see in, and maybe this will be my last word unless the Court has more questions, what we really see in Section 2113 is Congress very carefully covering the gamut. They are making sure that any crime committed against a federally insured bank, whether it's robbery or burglary or larceny or attempt or violence, is going to be sanctioned. And, in fact, when there was a debate, I think it was in the mid-1980s, over whether it reached extortion, that was the last time they modified the statute to include that. And here, very clearly, Congress indeed. For extension by extortion, or obtaining or attempts to obtain by extortion was added in the 80s. Yes, I believe it was in 1986. And I think what happened was there was a circuit split over whether robbery included a threat, an extortionate threat as opposed to a violent threat. Do you know whether the intimidation was in there before? It was. I believe it was. And I'll check, but if I stand corrected, I'll send a letter. Oh, this was before the categorical approach, right? It absolutely was. I mean, that's turned my hair gray. Me too, Your Honor. But the final point is that one of the things that Congress clearly needs to sanction is the use of violence in a bank. Whether it's in an unsuccessful attempt or whether it's in a completed robbery, people should not be going into banks to assault someone or to use a dangerous weapon. If they don't do that in their attempt, it's a lesser crime, and that's covered as well. All right. I mean, that's logical, but the categorical approach is not logical. It's not, but it does. And, you know, I'll end with Judge Bevis' words in Jordan. Sometimes common sense prevails, and this is another instance in which it does. Thank you, Mr. Zalzmer. We'll let Mr. Zalzmer run several minutes over. I'll give Mr. Amanetti. How many minutes were on the clock? How many minutes did he reserve for the public? Three. Let's give him another three, so it's six, just to be fair. Thank you, Your Honor. A couple quick points. First, I think we should address something in Burwell, which is that the government argued strenuously that the common law governed 2113A in that case. The D.C. Circuit analyzes the government's position that the common law governed, and we take the position that the common law governs 2113A. If the common law governs 2113A. How is that consistent with Jordan? I think it's consistent with Jordan because Jordan is in the completed bank robbery, not an attempt bank robbery. And I would actually point this court to the direction of a case called United States v. Stoney, 62F4108, which is a Third Circuit case which ruled that completed Hobbs Act robbery, this case came after United States v. Taylor, constitutes a crime of violence under 924C. We know that in the United States v. Taylor, the Supreme Court tells us attempted Hobbs Act robbery is not a crime of violence. So I think that if you put it into buckets, it's very easy to reconcile. You have completed bank robbery, which is a crime of violence, according to United States v. Jordan and other cases from this court. And then you have attempted bank robbery or attempted armed bank robbery, which is not a crime of violence. I think that's one way to look at it. A point about forfeiture. I would point this court to two cases. One, which is Barna v. The Board of School Directors, 877F3136, which makes it- Stoney is a different statute. Stoney is the Hobbs Act. Correct. It's the Hobbs Act. In 924C. Yes. The point I was making is that Stoney says completed Hobbs Act robbery is a crime of violence, comes after Taylor. Taylor says attempted Hobbs Act robbery is not a crime of violence. Jordan says armed robbery or bank robbery is a crime of violence. We are asking you to say that attempted bank robbery is not a crime of violence. We have perfect-you can just-it's a perfect- Sure, I mean, of course we can find that. Completion never drives the analysis of attempted. What we're more interested in is the actual text here and sort of the parsing that's been done. You know, Hobbs Act, the attempt, it just follows at the end and says, or attempts to do so or something like that. It's very different than the structure here. Different but not tremendously so in the sense that the Supreme Court adopts the common law meeting of attempt. Nothing in the Hobbs Act says that Congress wanted to depart from the common law meeting of attempt. We are dealing with the same animal here. Nothing about 2113A or 21- Well, we would be dealing with the same animal if attempts seems to modify the entire crime. But the structure of 2113A, attempts only modifies take. You can take that position, but then we also have to look at 2113D. And then we're going to have to say that attempt does not take its common law meeting in 2113D as well, which quite frankly is a little bit odd to say that it doesn't take its common law meeting in 2113D, but it does take its-it takes a different meeting in 2113A. And like I said in Burwell, the government argues that 2113A embraces the common law. You will see that as soon as you read the opinion. The forfeiture point, I would just say this is a question of law. This circuit's very lenient on forfeiture when it comes to questions of law. In fact, this fact scenario with regards to the any person's language has come up before in a case called Timmons, F-719 Federal Appendix 162. There, the issue wasn't raised in the appellant's brief. The government raised it in its response brief. The court said the government could not suffer any prejudice if the court raised or addressed the issue in its opinion. So we think that the issue of the any person as analyzed by Judge Diamond and Bolden is perfectly preserved here. And then counsel said that I stated robbery can be committed recklessly. That is not what I stated. I said assault can be committed recklessly. And the reason I said that is back to 2113B, we have the assault any person or put in jeopardy the life of any person. You can assault someone recklessly. There's tons of federal case law out there. In fact, United States versus Borden dealt with a reckless assault. And given that's the fact, we read assaults any person or puts in jeopardy the life of any person to adopt, obviously, a recklessness mens rea. And those are added elements when you are dealing with attempted armed bank robbery. And because you can commit it recklessly, it categorically is not a crime of violence under the reasoning of Borden. So I think, you know, we've provided this court with a menu of options in terms of resolving this case. You can take the any person's approach. You can take the Taylor approach. You can take the mens rea approach. In fact, you can, in theory, take the D.C. Circuit's new approach. So I think those are all on the table. And then last point, I think this case, like opposing counsel stated, comes down to common sense. And we think common sense is on our side. It's just bizarre to argue that someone who has the intent to rob a bank goes and buys a machine gun to go rob the bank. And then the FBI wiretaps his phone in interceptions on the way to the bank has not committed attempted armed bank robbery. So let's talk about the second paragraph of 2113A. The response to common sense is, well, 2113A is robbing a bank. We've decided in Jordan that's a crime of violence. But then does robbing a bank plus 2113D with a gun suddenly become not a crime of violence? That would seem to be very nonsensical that adding the gun could make it a nonviolent crime. I think the key here, again, comes back to the text of 2113D. All right, so then it's not a common sense argument. It is a common sense argument because Congress intended to – Congress wanted to stop individuals from putting themselves in harm's way as well rather than other persons in harm's way. So, for instance, like if I want to go rob a bank and my idea is to breach the wall of the bank with a bomb, I have no intent of harming anyone inside of the bank, but I'm going to explode this bomb, which in theory could harm me. Congress could perfectly well criminalize such a scenario. Or drunk driving. Let's say that I'm severely in debt and I get intoxicated one night and decide that I need money and I want to go rob a bank. And I get in my vehicle and I start driving towards the bank. The vehicle in that context is a dangerous weapon and I'm now recklessly on the way to the bank to go rob it. But all of these examples are really the second paragraph of 2113A. How so, Your Honor? Because it's – you're talking about the intent to rob but not making it into the bank, which is the second paragraph of 2113A. I don't want to get into the game of coming up with hypotheticals where you could – Well, this is your hypothetical. I know, I know. We go down a slippery slope here. But you could come up with hypotheticals where the individual has no intent to ever enter the bank but still wants to rob it. I can think of an example like you go outside of the bank and you wait for the bank employee to start walking into the bank. And you say, you go into the bank and, you know, take the money and bring it out to me. Now you're at 2113B. Potentially, but, I mean, things can be redundant. Congress has the right to criminalize, you know, have multiple crimes for the same conduct. So with that, we ask this Court to vacate Mr. Vine's conviction under 924C. Thank you, Mr. Amanati. Mr. Amanati, were you and your firm appointed by this Court? No, Your Honor. Okay. Well, we thank you nonetheless. This is obviously a pro bono matter for your service to the Court. We thank both sides for excellent briefing and argument. We'll take the matter into advisement. We'd ask that a transcript be prepared at the government's expense, please, and sent in to the Court.